In the Matter of the Estate of WILLIAM NELSON, Deceased.

Surrogate's Court, New York County, May 3, 1933.

*Clarence S. Woodman*, for the petitioners.

*Perkins, Malone & Washburn*, for Gerald D. Nelson, Marie G. D. Acker and Gertrude S. N. Fitzpatrick.

*John Godfrey Saxe*, special guardian.

DELEHANTY, S.    The trustees now acting under the will of above named have filed an account of their proceedings as trustees for the period beginning January 1, 1930, and ending December 31, 1932.    The executor of a deceased trustee has joined therein.    By clause " ninthly " deceased required that a sum of $20,000 be charged against the benefits later provided in the will for his son Horatio Nelson.    By decree dated February 7, 1930, which settled the account of the trustees for the period beginning February 1, 1925, and ending December 31, 1928, this charge was made.    The aggregate principal then remaining in the hands of the trustees after payment of authorized charges against principal was $791,389.48. Out of this fund the decree specifically sets up the trust principals thereafter to be held by the trustees for the benefit respectively of

Horatio Nelson and of the three other beneficiaries. In making allocations to the principals of the respective trusts an error of $100.02 was made to the disadvantage of Horatio Nelson. His trust principal should have been $250,463.16 instead of $250,363.14, as actually constituted. Correspondingly the other three trusts set up in the sum of $180,342.11 each, should have been only $180,308.77 each.

The decree of February 7, 1930, has not been appealed. The basis for distribution of income established by it must govern. If, however, the parties recognize this purely mathematical error and so stipulate, a readjustment of the trust principals may be made in the decree to be entered on this proceeding and the income during the period covered by this account may be adjusted correspondingly. If the combined net trust income is distributed in the proportions fixed by the trust principals set up by the decree of February 7, 1930 (adjusted to correct amounts if the parties so stipulate), each respective beneficiary of income will receive his due. However, it is to be remembered that any charges against principal now or hereafter approved must be allocated one-third to the trust for Horatio Nelson and two-ninths to each of the other trusts. Thereby the scheme of the decree of February 7, 1930, adjusting the share of Horatio Nelson will continue to be effective. If any such principal deductions be authorized, the decree to be thereafter entered will establish for each trust a new trust principal on which income will thereafter accrue and be distributable.

The items of trustees' expenses and office expenses shown on Schedule C-1, and amounting to $15,481, are challenged by the report of the special guardian. They seem to be largely if not wholly charges against income. Such criticism is applicable also to the items shown on Schedule C-2, aggregating $5,696.83. The effect of these unauthorized deductions from principal is to diminish the capital eventually to be turned over to the remaindermen and to increase unwarrantably the current income to the life beneficiaries. The fact that similar practice has not been criticised heretofore does not warrant approval of these deductions from principal when the point is raised as is here done by the special guardian. These unauthorized charges to principal should be reallocated to income and the schedules revised accordingly.

The payment of income to the representatives of the so-called "junior estate" have been made on a parity as among themselves. But the payments to Horatio Nelson have been made by the trustees without regard to the maintenance of a proper ratio between Horatio Nelson and the other beneficiaries. The result is a disadvantage to the other beneficiaries in the sense that their funds

have been withheld while the fiduciary beneficiary, Horatio Nelson, has overpaid himself. A computation of the precise amount required to make whole the prejudiced interests will be extremely involved and perhaps counsel may be able to agree upon an approximation rather than require exact figures. In so far as the fiduciary beneficiary is found to have paid himself income belonging to others he should make restitution with six per cent interest.

A conference of counsel and the special guardian will be had at chambers on May 5, 1933, at two P. M. for the purpose of endeavoring to reach an agreement on these figures.

So far as the motion for the appointment of a successor trustee is concerned, it seems obvious that the management of the trust requires representation of the " junior estate." That was the original plan of the testator. When his widow died, the " junior estate " lost representation. The discrimination against the beneficiaries of the " junior estate " shown by the pending account emphasizes their need for representation. Consideration must be given to the commissions, if any, to be claimed by a successor trustee, if appointed. The conference called will consider this matter also and action on the motion will be deferred until after such conference.